# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KYLE W. TURPIN, SR.,

    Plaintiff,

vs.

FRANK KOCKA, et al.,

    Defendants.

Case No. 2:10-CV-00343-RLH-(RJJ)

**ORDER**

        Plaintiff has submitted an application to proceed <u>in forma pauperis</u> (#3) and supporting documents (#4). The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must still pay the filing fee in full through monthly installments. 28 U.S.C. § 1915(b)(2).

        The court has reviewed plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983, and the court will dismiss this action. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. <u>North Star Intern. v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material

1  allegations in the complaint are accepted as true and are to be construed in the light most favorable
2  to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se
3  complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v.
4  Kerner, 404 U.S. 519, 520 (1972) (per curiam).
5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and
7  (2) that the alleged deprivation was committed by a person acting under the color of state law.  West
8  v. Atkins, 487 U.S. 42, 48 (1988).
9         The facts of this case arise out of a state-court criminal proceeding in which plaintiff
10 ultimately prevailed in part.  The court takes notice of plaintiff's petition for a writ of habeas corpus
11 pursuant to 28 U.S.C. § 2254, Turpin v. Williams, 2:09-CV-01122-JCM-(LRL), and specifically the
12 order of the Nevada Supreme Court of March 17, 2009, in case no. 48509, attached as exhibit 90 to
13 respondents' motion to dismiss (#7).  Plaintiff was charged with two counts of attempted murder
14 with the use of a deadly weapon, one count of robbery with the use of a deadly weapon, one count
15 of grand larceny of an automobile, and two counts of first-degree kidnaping with the use of a deadly
16 weapon.  When the prosecution rested, plaintiff moved for a directed verdict on the kidnaping
17 charges.  The trial court granted the motion and entered an order to that effect.  The next day, the
18 trial court reinstated the charges and noted that plaintiff could seek an advisory instruction on
19 acquittal or move for a judgment of acquittal.  The jury found plaintiff guilty of everything but the
20 robbery charge.  Plaintiff moved for a judgment of acquittal on the kidnaping charges.  The district
21 court granted the motion and dismissed the kidnaping charges.  The prosecution appealed the
22 dismissal.  The Nevada Supreme Court vacated the judgment of acquittal and remanded for
23 sentencing on the kidnaping charges.  The district court sentenced plaintiff.  Plaintiff then filed a
24 post-conviction habeas corpus petition in the district court.  That court denied the petition.
25 Petitioner appealed.  The Nevada Supreme Court determined that trial counsel and appellate counsel
26 provided ineffective assistance because they did not raise a claim that the reinstatement of the
27 kidnaping charges violated the double jeopardy clause of the Fifth Amendment.  The Nevada
28

Supreme Court remanded to the district court for entry of an amended judgment of conviction that vacated the convictions for kidnaping. The convictions on the other counts remain.

The counts in this civil rights action pursuant to 42 U.S.C. § 1983 concern only the vacated convictions for kidnaping, and plaintiff seeks monetary damages. Plaintiff's recovery of damages would not necessarily imply that his judgment of conviction on the other charges is invalid, because the kidnaping charges have already been vacated. Cf. Heck v. Humphrey, 512 U.S. 477 (1994). Two of the defendants, Kocka and Schwarz, are the court-appointed attorneys who represented plaintiff. The third defendant, Brown, is the deputy district attorney who prosecuted plaintiff. Plaintiff alleges that defendants Kocka and Schwarz violated the Fifth, Eighth, and Fourteenth Amendments because they did not challenge the reinstatement of the kidnaping charges and the sentences for the kidnaping charges, despite the double-jeopardy violation. Plaintiff alleges that defendant Brown violated the Fifth, Eighth, and Fourteenth Amendments because she argued for the reinstatement of the kidnaping charges, prosecuted him on the reinstated charges, and argued for a long sentence on the kidnaping charges, despite the double-jeopardy violation.

Plaintiff cannot recover damages against defendants Kocka and Schwarz. As noted above, a cause of action pursuant to § 1983 requires a defendant to act under color of state law. All of plaintiff's allegations against defendants Kocka and Schwarz concern their representation of him at trial and on appeal. For the purposes of § 1983, court-appointed attorneys and public defenders are private individuals who do not act under color of state law when they represent criminal defendants. Polk County v. Dodson, 454 U.S. 312, 325 (1981). The court dismisses defendants Kocka and Schwartz from this action.

Plaintiff also cannot recover damages against defendant Brown. All of plaintiff's allegations against defendant Brown concern her actions and arguments in the trial court. Prosecutors are absolutely immune from monetary damages for the actions that they take as prosecutors. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The court dismisses defendant Brown from this action.

Because no defendants remain, and because amendment of the complaint would be futile, the court dismisses this action.

1  IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma
2  pauperis (#3) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.
3  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.
4  § 1915(b)(2).
5  IT IS FURTHER ORDERED that the movant herein is permitted to maintain this
6  action to conclusion without the necessity of prepayment of any additional fees or costs or the
7  giving of security therefor.  This order granting leave to proceed in forma pauperis shall not extend
8  to the issuance of subpoenas at government expense.
9  IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
10 Department of Corrections shall pay to the clerk of the United States District Court, District of
11 Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #85609), in the
12 months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.
13 The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall
14 also send a copy of this order to the attention of the chief of inmate services for the Nevada
15 Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
16 IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a
17 claim upon which relief can be granted.  The clerk of the court shall enter judgment accordingly.
18 DATED:   July 12, 2010.

_____
ROGER L. HUNT
Chief United States District Judge